**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FRANK SHANNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-253 RLW |
| ) | |
| DOLLAR TREE STORES, INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Wanda L. Shannon's Verified Motion to Substitute Plaintiff. (ECF No. 21). Defendant Dollar Tree Stores, Inc. has not filed a response and the time to do so has passed. The Court will grant the motion for the reasons below.

### Background

In his complaint, Plaintiff alleges that the manager of a Dollar Tree store falsely insinuated that Plaintiff was attempting to steal merchandise. (ECF No. 8 at ¶¶ 4-5). Plaintiff asserts that the manager's statements were defamatory and slanderous. *Id.* at ¶ 10. Plaintiff seeks actual and punitive damages. *Id.* at ¶ 16.

Plaintiff died on December 1, 2022. (ECF No. 18). Plaintiff's counsel filed a Suggestion of Death five days later. *Id.* On February 15, 2023, Plaintiff's sister, Ms. Shannon, filed her Verified Motion to Substitute Plaintiff. (ECF No. 21). No other person or entity has moved for substitution.

### Discussion

Under Rule 25(a) of the Federal Rules of Civil Procedure, the Court may order substitution of a proper party if the original party dies and the claim is not extinguished. Fed. R. Civ. P. 25(a).

A motion for substitution may be filed by any party or by the decedent's successor or representative within 90 days of service of a statement noting the death of the party. *Id.*

It is well-settled that federal courts sitting in diversity jurisdiction must apply federal law for matters of procedure and state law for matters of substance. *In re Baycol Prod. Litig.*, 616 F.3d 778, 785 (8th Cir. 2010) (citation omitted). Rule 25(a) is a procedural rule that governs the proper method for the substitution of parties. *Id.* But the Court must look to state law to determine whether Ms. Shannon is a proper party and whether Plaintiff's defamation claim survives. *Id.* at 787-88.

### Proper Party

Under Rule 25(a)(1), the proper party for substitution is the decedent's successor or representative. Fed. R. Civ. P. 25(a); *see also In re Baycol Prod. Litig.*, 616 F.3d at 782-83. The use of the term "successor" indicates "that a person may be substituted as a party even though the person has not been formally appointed as a representative or administrator." 6 James Wm. Moore et al., *Moore's Federal Practice*, § 25.12[3] (3d ed. 2022). A "successor" may be "the primary beneficiary of an unprobated intestate estate which need not be probated[.]" *In re Baycol Prod. Litig.*, 616 F.3d at 785.

Under Missouri law, if there is no surviving spouse, all intestate property goes to the decedent's children. Mo. Rev. Stat. § 474.010. If the decedent has no children, the intestate property goes to decedent's father, mother, brothers, and sisters, or their descendants, in equal parts. *Id.*

Ms. Shannon is Plaintiff's sister. (ECF No. 21). She asserts that Plaintiff never married or had children. *Id.* at ¶ 4. She states that Plaintiff died intestate and no probate action is currently pending. *Id.* at ¶¶ 2-3. Ms. Shannon further states that Plaintiff's parents are deceased. *Id.* at ¶ 5. Plaintiff is survived only by Ms. Shannon and Erina Sharron, Plaintiff's other sister. *Id.* at ¶ 7.

Based on this information, the Court finds that Ms. Shannon is Plaintiff's successor and a proper party for substitution in this matter.

## Survival of the Claim

Under Missouri common law, tort claims do not survive the death of the plaintiff. *Manson v. Wabash R. Co.*, 338 S.W.2d 54, 57 (Mo. banc 1960) (citation omitted). But under Mo. Rev. Stat. § 537.020.1, "[c]auses for personal injuries, other than those resulting in death . . . survive to the personal representative of such injured party[.]" Thus, the Court finds that Plaintiff's defamation claim is not extinguished.

## Conclusion

Ms. Shannon is a proper party for substitution and Plaintiff's death did not extinguish his defamation claim.

Accordingly,

**IT IS HEREBY ORDERED** that Wanda L. Shannon's Verified Motion to Substitute Plaintiff is **GRANTED**. (ECF No. 21).

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Wanda L. Shannon for Frank Shannon as the plaintiff in this action.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 11th day of April, 2023.