UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WANDA C. SHANNON, | ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:22-CV-253 RLW |
| DOLLAR TREE STORES, INC., | ) ) ) |
| Defendant. | ) ) |

## ORDER APPROVING SETTLEMENT

This removed diversity matter is before the Court on the Parties' Joint Motion for Approval of Settlement (ECF No. 23). The parties have agreed on a settlement of the defamation claims set forth in the Petition for Damages (ECF No. 8). Deceased plaintiff Frank Shannon died intestate, no probate action has been opened, and no personal representative has been appointed. See Verified Motion to Substitute Plaintiff (ECF No. 21 at 1). Mr. Shannon is survived by his sisters Plaintiff Wanda C. Shannon and Erina L. Shannon, who are the persons entitled to Mr. Shannon's property under Missouri's intestate succession law, Missouri Revised Statutes § 474.010(2)(b). (See ECF No. 21 at 1-2.).Wanda C. Shannon was substituted as successor plaintiff pursuant to Federal Rule of Civil Procedure 25(a)(1), and the Court determined that Mr. Shannon's claims survived his death. See Mem. and Order of Apr. 11, 2023 (ECF No. 22.)

In the Joint Motion, Plaintiff states that the proposed settlement is fair and reasonable and, in her attorney's judgment, is in the best interest of and advantageous to Plaintiff and the persons entitled to share in the recovery from this case. Plaintiff requests the Court to approve the proposed settlement for the consideration stated in the Release and Settlement Agreement. Defendant states that it has offered to settle Mr. Shannon's defamation claim without admission of liability. The parties jointly request the Court, pursuant to § 537.095 of the Missouri Revised Statutes, to "enter an order apportioning the settlement proceeds be fairly and equitable split between Wanda C. Shannon and

Erina L. Shannon after deduction for the contractual attorney's fee and litigation costs." (ECF No. 23 at 2.)

Based on these representations, which indicate there is no dispute over the existence or terms of a settlement, the Court finds no evidentiary hearing is necessary. See Stewart v. M.D.F., Inc., 83 F.3d 247, 251 (8th Cir. 1996). The parties' Joint Motion for Approval of Settlement will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the parties' Joint Motion for Approval of Settlement (ECF No. 23) is **GRANTED**, and the parties' settlement is **APPROVED**.

**IT IS FURTHER ORDERED** that the proceeds of the parties' settlement shall be fairly and equitably split between Wanda C. Shannon and Erina L. Shannon after deduction of the contractual attorney's fee and litigation costs.

**IT IS FURTHER ORDERED** that pursuant to Missouri Revised Statutes § 537.095, Plaintiff Wanda C. Shannon shall (1) collect and receipt for the payment of the settlement amount; (2) deduct and pay the expenses of recovery and collection of the settlement and the attorneys' fees as contracted; (3) acknowledge satisfaction in whole or in part for the settlement and costs; (4) distribute the net proceeds as ordered by the Court; and (5) report and account therefor to the Court.

**IT IS FINALLY ORDERED** that Plaintiff Wanda C. Shannon, after complying with the Court's Order, shall promptly file a motion to dismiss this action with prejudice or a stipulation for dismissal with prejudice signed by counsel for both parties.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of July, 2023.

2